UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAVELA MCINTOSH                              CIVIL ACTION

VERSUS                                        NO. 18-9825

COSTCO WHOLESALE                              SECTION "F" (2)
CORPORATION ET AL.

## ORDER AND REASONS ON MOTION

Chavela McIntosh, a resident of Orleans Parish in the State of Louisiana, Record Doc. No. 1-1 (Petition at p. 1), filed this suit for damages in Civil District Court for the Parish of Orleans on September 24, 2018, against Costco Wholesale Corporation ("Costco"), a corporate citizen of the State of Washington, Record Doc. No. 1 at p. 4, ¶ 15, and Christian Boedding, a Louisiana citizen, identified in the petition as an employee working at Costco's New Orleans store on the date of the alleged incident. Record Doc. No. 1-1 at pp.1–3, ¶¶ 1(B), 9, 12. The petition alleged that, on or about June 10, 2018, McIntosh slipped and fell into a stack of sodas because of a slippery substance on the floor while shopping at Costco's store and sustained damages as a result of defendants' negligence. Id. at pp. 1–2, ¶¶ 6–9.

Costco removed the matter to this court on October 22, 2018, based solely on diversity of citizenship jurisdiction. It is undisputed that McIntosh and Costco have diverse citizenship and that the jurisdictional amount is satisfied. On January 17, 2019, defendant filed a motion to compel discovery in advance of the conference required by Fed. R. Civ. P. 26(f). Record Doc. No. 10. The court denied the motion, both because the Rule 26(f)

conference had not taken place and because defendant Christian Boedding had neither been served with the state court petition nor appeared in the matter. Record Doc. No. 11. Plaintiff's counsel was then ordered to file the return of service of process on defendant Boedding before March 8, 2019, or defendant Boedding would be dismissed. Record Doc. No. 12. Thereafter, plaintiff filed a consent motion to dismiss Boedding from this lawsuit, which was granted by the presiding district judge. Record Doc. Nos. 13, 15.

Plaintiff's Motion for Leave to File First Amended Complaint, Record Doc. No. 19, is now pending before me. Defendant was permitted to file an untimely opposition memorandum. Record Doc. Nos. 20, 22, 23. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that plaintiff's motion is DENIED for the following reasons.

McIntosh seeks to add three Costco employees, "B.C.T.," Sheila Brewer and Adrian McDonald, as defendants. "B.C.T." is identified as the floor-walker employee who initialed the "Daily Floor-walk/Safety Inspection" sheet in Costco's discovery responses. Record Doc. No. 19-3. McIntosh states that in Costco's responses to her discovery requests, it identified "B.C.T.," Brewer and McDonald as employees who worked in the store on the day of her accident. Record Doc. No. 19-1 at pp. 1-2. McIntosh states that Costco identified McDonald as the duty manager, and Brewer and "B.C.T." as "floor-walker" employees. Id. In her proposed amended complaint, plaintiff alleges that B.C.T., Brewer and McDonald are domiciled in New Orleans, Louisiana. Record Doc. No. 19-6 at ¶ 1. Thus, like plaintiff,

all proposed defendants are Louisiana citizens, and allowing McIntosh to amend her petition to add them would destroy this court's sole basis for subject matter jurisdiction. McIntosh argues that Fed. R. Civ. P. 15(c)(1)(C) permits her to amend because her proposed amendment relates back to the date of her original petition and the naming of the wrong defendant. She contends that she filed her motion a few weeks after she learned the proposed defendants' names from Costco's discovery responses and that defendants would not be prejudiced because "it is still relatively early in these proceedings." Record Doc. No. 19-1 at p. 6.

Fed. R. Civ. P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy, 660 F.2d at 597-98). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993)

3

(quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

However, 28 U.S.C. § 1447(e) applies when an amendment after removal from state court would destroy subject matter jurisdiction. The statute vests broad discretion in the trial court by expressly providing the following choice: "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added). The language of Section 1447(e) is entirely permissive. Nonetheless, "[t]he district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case more closely than an ordinary amendment." Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (quotation omitted). Exercise of this discretion depends upon application of the factors enunciated by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), approved in Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 n.11 (5th Cir. 1991); Moore, 732 F.3d at 456; Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013) (noting that Hensgens is the "correct legal standard" to apply in determining whether joinder of nondiverse parties should be permitted after removal), abrogated in part on other grounds by Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542 (Tex. 2016), as stated in Ocwen Loan Serv'g, L.L.C. v. Berry, 852 F.3d

4

469, 473 (5th Cir. 2017). I find that application of the Hensgens factors in this case establishes that the motion to amend should be DENIED.

The first Hensgens factor is the extent to which joinder of a non-diverse party is sought to defeat federal jurisdiction. It is clear from both plaintiff's original filing decision and her statements in the instant motion that she prefers to pursue this litigation in state court. Record Doc. No. 19-1 at pp. 3, 6.

Significantly, McIntosh's proposed amendment does not add any specific factual allegations against "B.C.T.," Brewer or McDonald. I conclude that plaintiff's principal motivation in adding non-diverse parties is to defeat this court's subject matter jurisdiction. Her original petition alleges that Costco and its "employee(s), including but not limited to CHRISTIAN BOEDDING, supervisor(s), agent(s) or others," were negligent and at fault in 17 generic ways, such as failure to maintain a safe place of business, failure to maintain adequate cleaning procedures, failure to clean up liquid substances known to be on the floor, failure to warn of an unsafe condition on the premises, failure properly to inspect the premises, failure to maintain floors free of liquid substances and in a safe condition, failure properly to supervise employees to prevent them from creating dangerous conditions, and failure to train employees to exercise proper precaution when cleaning floors during business hours. Petition, Record Doc. No. 1-1 at ¶ 16.

Plaintiff's proposed amended complaint, Record Doc. No. 19-6, substitutes "B.C.T.," Brewer and McDonald for Christian Boedding with respect to all of those allegations and

5

adds three factual allegations, including failure to conduct proper floor walks every hour, failure to ensure floor walks are conducted properly every hour, and failure immediately to remedy any unreasonable dangerous conditions in aisle or floors. Plaintiff alleges that these failures are in violation of Costco's policies, but does not specifically attribute any of these failures to these employees in her proposed amended complaint. Record Doc. No. 19-6 at p. 2, ¶ IV.

It is well established that an employee or manager can be personally liable under Louisiana law <u>only</u>

> if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employeee [sic] breached the duty through his own fault and lack of ordinary care. However, a defendant-employee's "general administrative responsibility" is insufficient to impose personal liability.

<u>Moore</u>, 732 F.3d at 456-57 (quoting <u>Canter v. Koehring Co.</u>, 283 So. 2d 716, 721 (La. 1973), <u>superseded on other grounds by statute</u>)) (citing <u>In re 1994 Exxon Chem. Fire</u>, 558 F.3d 378, 385-86 (5th Cir. 2009)). The employee "must have a <u>personal duty towards the injured plaintiff</u>, breach of which specifically has caused the plaintiff's damages." <u>Canter</u>, 283 So. 2d at 721 (emphasis added).

In <u>Moore</u>, the Fifth Circuit affirmed the denial of plaintiff's motion for leave to file an amended complaint when plaintiff's factual

> allegations were general in nature, he had offered no evidence of personal fault on behalf of the PPG employees, and, therefore, his amendment served only to destroy diversity. . . . We agree that Moore's proffered amendment relied on the proposed parties' general responsibilities to oversee safety

6

rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law. Furthermore, we concur with the district court's conclusion that the amendment only served to defeat diversity jurisdiction.

732 F.3d at 457 (citing Canter, 283 So. 2d at 721-22).

Following Canter and Moore,

[n]umerous cases, both in Louisiana state and federal courts, analyzing the personal liability of employees for injuries suffered by third parties under Louisiana law have involved nearly identical allegations to those alleged in this case. The consistent holding is that merely alleging general administrative responsibility, such as the general responsibility of a manager to keep a store safe and clean, is insufficient to hold a defendant-employee personally liable.

Carpenter v. Wal-Mart La., LLC, 2015 WL 4509709, at *4 (E.D. La. July 24, 2015) (citing Moore, 732 F.3d at 456; Dodson v. K-Mart Corp., 891 So. 2d 789, 793 (La. App. 3d Cir. 2004); LeBlanc v. K-Mart Corp., 1992 WL 365345, at *1 (E.D. La. Nov. 19, 1992)).

Thus, in Carpenter, a slip and fall case with allegations and a procedural posture very similar to the instant case, the court denied plaintiff's motion to amend her petition to replace an incorrectly named (and dismissed) Wal-Mart store manager defendant with the correct managers because plaintiff's allegations against them

are that they breached their general job responsibilities as managers of Wal-Mart, mainly to keep the store clean and safe. The only evidence of wrongdoing Plaintiff offers is that their job responsibilities include duties concerning floor safety and rainy day procedures at Wal-Mart. Plaintiff does not allege that either of the managers owed a *personal* duty towards her, rather than a general duty to all Wal-Mart customers, or that either manager somehow caused her injuries. . . . Without allegations of personal fault, Louisiana law does not impose liability on defendant-employees for injuries suffered by third parties. Thus, Plaintiff does not have a valid claim under

7

> Louisiana law against either [proposed defendant] based merely on their job responsibilities as Wal-Mart managers.
>
> . . . . [I]t is evident to the Court that Plaintiff seeks to swap in and out the names of various Wal-Mart managers who are citizens of Louisiana in an effort to avoid a federal forum.

Id. at *5 (footnotes omitted).

Similarly, in Carter v. Wal-Mart Stores Inc., 2005 WL 1831092 (W.D. La. July 28, 2005), the court denied plaintiffs' motion to amend their complaint to add two non-diverse defendants, a store manager and an employee, and to allege that the manager was responsible for installation of the store fixture that fell on plaintiffs. Id. at *1. The court held that plaintiffs' claims against the manager failed because plaintiffs "do not allege any delegation by Wal-Mart of a duty to keep plaintiffs reasonably safe, or that [the manager personally] acted in some way to create the danger" and plaintiffs merely "seek to impose liability due to [his] general managerial duties." Id. at *3. As to the employee, Miller, the court found that

> Plaintiffs' sole theory of liability as to Miller is that he was aware that the rack was falling upon them, yet failed to give warning. . . . Wal-Mart has a duty to provide plaintiffs with a reasonably safe place to shop, but this duty does not extend to individual employees unless the Canter requirements are satisfied. Otherwise, the second Canter requirement, that Wal-Mart has delegated its duty to Miller, would be superfluous and unnecessary. Plaintiffs' proposed amended complaint contains no allegation that Wal-Mart delegated to Miller any duty to warn customers of safety hazards. Thus, the requirements of Canter cannot be met and, as tort law imposes no other duty upon Miller to come to the plaintiffs' aid, the Court is satisfied that there is no reasonable possibility of recovery against Miller under Louisiana law.

Id.

McIntosh's allegations against "B.C.T.," Brewer and McDonald assert merely that they had general responsibilities to oversee safety, rather than providing factual allegations of personal fault. In her motion to amend, McIntosh alleges that "employees Sheila Brewer and B.C.T. were negligent because they failed to conduct a proper floor-walk of the store . . . [and] Adrian McDonald, as the duty manager, was negligent because she failed to ensure the floor walks were properly done." Record Doc. No. 19-1 at p. 6. Plaintiff states also that "the employees['] failure to conduct proper floor-walks resulted in the unreasonably dangerous condition remaining on the floor and thus causing [plaintiff] to slip and fall." Id. However, in her proposed amended complaint, plaintiff makes no specific allegations against any of the proposed defendants. The only exhibit attached to the motion papers provides no supporting facts concerning the proposed defendants' personal duty owed to plaintiff. Record Doc. No. 19-3. Because plaintiff does "not offer any facts in [her] original petition or [proposed amended complaint] to support the conclusion that" the proposed defendants would be personally liable, she has "not shown a valid reason to join [the new defendants] in this action." Landry v. Circle K Stores, Inc., No. 16-15705, 2017 WL 3065105, at *2 (E.D. La. July 19, 2017). This factor militates against permitting the amendment.

The second Hensgens factor is whether plaintiff has been dilatory in asking for the amendment. McIntosh's motion was timely filed on May 20, 2019, one day before the May 21, 2019 deadline for amendments in the court's scheduling order. Record Doc. No. 18.

The court entered its scheduling order on March 22, 2019. According to plaintiff, the parties conferred on that same day, and Costco provided discovery responses on April 25, 2019. Record Doc. No. 19-1 at pp. 1-2. As noted above, McIntosh avers that she did not learn the identity of these proposed defendants until Costco provided its discovery responses. Record Doc. No. 19-1 at p. 5. McIntosh then promptly filed the instant motion less than 30 day s later, on May 20, 2019. In these circumstances, I conclude that plainitff has not been dilatory in asking for this amendment. This factor weighs in favor of permitting the amendment.

As to the third Hensgens factor, I find that McIntosh would not be significantly injured if the requested amendment is not allowed. She has not made any factual allegations that the proposed defendants are personally liable as required by Canter. "While the rule states 'significant injury,' the general approach in this District has been focused mostly on the inefficiency, waste of judicial resources, danger of inconsistent results, and cost to the Plaintiff that results from forcing the Plaintiffs to bring a separate suit on the valid claim." Legeaux v. Borg-Warner Corp., 2016 WL 6069770, at *4 (E.D. La. Oct. 17, 2016) (citing Schindler v. Charles Schwab & Co., 2005 WL 1155862, at *4 (E.D. La. May 12, 2005); Jade Marine, Inc. v. Detroit Diesel Corp., 2002 WL 31886726, at *2 (E.D. La. Dec. 20, 2002); Herzog v. Johns Manville Prod. Corp., 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)) (emphasis added). But, "as the Fifth Circuit has stated, 'a plaintiff will not be significantly injured by the denial of [leave to amend to assert] a clearly meritless claim.'"

Carpenter, 2015 WL 4509709, at *5 (quoting Wilson v. Bruks-Klockner, Inc., 602 F.3d 363, 368 (5th Cir. 2010)) (internal quotation omitted) (emphasis added). Costco is the defendant with principal, primary liability and presumptively responsible to pay any judgment that might be entered, if plaintiff ultimately prevails. Costco is responsible via the doctrine of respondeat superior for the kinds of acts or omissions plaintiff alleges its employees committed. The presence in this case of "B.C.T.," Brewer and McDonald is not necessary for McIntosh to obtain complete relief from Costco. Landry, 2017 WL 3065105, at *2; Legeaux, 2016 WL 6069770, at *5. This factor weighs against permitting the amendment.

The final Hensgens consideration is any other factor bearing on the equities. Although plaintiff has an interest in litigating against all potentially liable defendants in one forum, she has alleged nothing to indicate she would have a viable claim against "B.C.T.," Brewer or McDonald in state court any more than she would in this court. Nothing indicates that requiring plaintiff to proceed only against Costco as named defendant would prejudice her in any way. For all of the reasons discussed above, I find that the equities do not favor permitting plaintiff's amendment in this case.

Having weighed the Hensgens factors as discussed above, I find that "the court does not abuse its discretion by denying leave to amend the complaint." Priester, 708 F.3d at 679. For similar reasons, the Rule 15 factors weigh against allowing the amendment. Although neither undue delay nor repeated prior amendments have occurred, and there is

ample time before trial, the allegations plaintiff seeks to assert against the new defendants are insufficient to state a claim on which relief may be granted, under <u>Canter</u> and its progeny, so that the amendment would be futile.

Accordingly, because on balance the <u>Hensgens</u> and Rule 15 factors weigh against permitting the amendment, plaintiff's motion to amend is DENIED.

New Orleans, Louisiana, this \_\_\_\_5th\_\_\_\_ day of June, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE