UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAVELA McINTOSH | CIVIL ACTION |
| v. | NO. 18-9825 |
| COSTCO WHOLESALE CORPORATION | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration of the magistrate judge's June 5, 2019 Order denying the plaintiff's motion for leave to file first amended complaint, or in the alternative, motion for certification pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal. For the reasons that follow, the motion is DENIED.

**Background**

While walking down a Costco shopping aisle on June 10, 2018, Chavela McIntosh slipped in a liquid substance on the floor and fell into a stack of sodas.

Ms. McIntosh sued Costco and one of its employees in Orleans Parish Civil District Court, alleging that "Costco . . . and [its] employee(s), including but not limited to Christian Boedding, supervisor(s), agent(s), or others" were at fault or negligent in 17 different ways. On October 22, 2018, Costco removed the suit to this Court, invoking the Court's diversity jurisdiction. Four

months after removal, on February 25, 2019, defendant Boedding was dismissed from this action without prejudice.

On May 20, 2019, after receiving Costco's discovery responses, McIntosh moved for leave to amend her petition to name three additional Costco employees as defendants; the contested motion to amend was automatically referred to the magistrate judge. According to McIntosh, "B.C.T." and Shelia Brewer worked for Costco as floor walkers on the day of the incident, and Adrian McDonald served as duty manager. McIntosh also sought to plead three additional grounds for negligence, including the failure to: "conduct proper floor walks every hour, per Costco's policies;" "ensure floor walks are conducted properly every hour, per Costco's policies;" and "immediately remedy any unreasonable [sic] dangerous conditions in aisle or floors."

Costco opposed the motion to amend on the ground that McIntosh has no valid claim against the additional defendants (who are all residents of Louisiana) and sought to join them for the sole purpose of defeating diversity jurisdiction. On June 5, 2019, the magistrate judge agreed with Costco and denied the plaintiff's motion for leave to file first amended complaint. McIntosh now moves for reconsideration of the magistrate judge's June 5, 2019 Order. In the alternative, she requests certification of the order for interlocutory appeal.

I.

*A.*

Pursuant to Federal Rule of Civil Procedure 72(a), a party may appeal the ruling of the magistrate judge to the district judge. A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling "is clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2007) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

*B.*

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely" given "when justice so requires." However, where the post-removal joinder of a non-diverse defendant would destroy subject matter jurisdiction, a district court is vested with discretion to either "deny joinder, or permit joinder and remand the action." 28 U.S.C. § 1447(e). In exercising such discretion, the Fifth Circuit instructs, a court

should consider the following factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

As another Section of this Court has observed, "[w]ith regard to the first Hensgens factor, the case law indicates that as long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction." Herzog v. Johns Manville Prod. Corp., No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002) (Fallon, J.). "Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." Moore v. Manns, 732 F.3d 454, 456-57 (5th Cir. 2013) (per curiam) (citing Canter v. Koehring, 283 So. 2d 716, 721 (La. 1973), superseded on other grounds by statute, La. R.S. § 23.1032 (1998)). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." Id. (affirming district court's denial of motion to amend to add non-diverse employees on the ground that plaintiff's "proffered

4

amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law.").

II.

On June 5, 2019, the magistrate judge denied the plaintiff's motion to amend, finding that three of the four Hensgens factors weigh against amendment. As for the first factor, the magistrate judge determined that the plaintiff's "principal motivation is to defeat federal subject matter jurisdiction" because her proposed amended complaint contains no factual allegations to support the non-diverse employees' personal liability. Although the second Hensgens factor (the lack of dilatoriness) favored the plaintiff, the magistrate judge concluded that the third and fourth tipped the scales against joinder.

As for the third factor, the magistrate judge wrote, McIntosh would not be significantly injured if amendment were denied because her claims against the non-diverse employees are not valid; even if they were valid, he added, the employees' presence in this lawsuit is not necessary to provide McIntosh with complete relief because she alleges joint liability and does not question Costco's solvency. Finally, in considering the equities, the magistrate judge noted that amendment would be futile.

McIntosh challenges the magistrate judge's ruling on the basis that he erred in finding the allegations in her proposed

5

amended complaint insufficient to state a claim against the non-diverse employees. Because the Court finds that the magistrate judge's application of the Hensgens factors was not clearly erroneous or contrary to law, this Court cannot reverse his ruling.

The plaintiff alleges in her state court petition that "Costco . . and [its] employee(s), including but not limited to Christian Boedding, supervisor(s), agent(s), or others," were at fault and negligent in 17 generic ways. In her proposed amended complaint, McIntosh replaces Christian Boedding's name with "B.C.T." and Sheila Brewer (two Costco employees who allegedly worked as floor walkers on the day of the incident) and Adrian McDonald (Costco's duty manager). She also seeks to plead three additional grounds for negligence, including the failure to: "conduct proper floor walks every hour, per Costco's policies;" "ensure floor walks are conducted properly every hour, per Costco's policies;" and "immediately remedy any unreasonable [*sic*] dangerous conditions in aisle or floors."

As the Fifth Circuit has observed, "evidence of personal fault," as opposed to a defendant-employee's "general responsibilities to oversee safety" is "required to trigger individual liability under Louisiana law." Moore, 732 F.3d at 457 (citing Canter, 283 So. 2d at 721-22). McIntosh's conclusory allegations that Costco and its employees, including two floor walkers and a duty manager, "fail[ed] to clean up liquid

6

substance(s) known to be on the floor" and "failed to immediately remedy any unreasonable [*sic*] dangerous condition in aisle or floors" do not amount to an allegation that each named defendant personally knew of the allegedly dangerous spill that caused her fall and failed to remedy that condition.[1]  Accordingly, as the magistrate judge correctly determined, McIntosh has alleged mere "general administrative responsibility," which is insufficient to support liability under Canter.[2]

Notably, the magistrate judge's analysis did not stop there. He also concluded that, even if McIntosh had stated a valid claim

---

[1] See *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) ("Plaintiff's allegation that all Defendants 'had actual or constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept and it does not amount to an allegation that Jabbia personally knew of the allegedly dangerous hole in the parking lot."); *Gros v. Warren Properties, Inc.,* No. 12-2184, 2012 WL 5906724, at * 8 (E.D. La. Nov. 26, 2012) ("[A]lthough Plaintiff alleges that Warren and its agents knew of the allegedly defective condition of the lighting, this is a conclusory allegation that the court is not required to accept, and it does not amount to an allegation that Bodine personally knew of the allegedly defective condition of the emergency back-up lighting.").
[2] The Court disagrees with the plaintiff that the facts of Jackson v. Wal-Mart Stores, Inc., 2003 WL 22533619 (E.D. La. Nov. 6, 2003), in which Magistrate Judge Knowles granted a plaintiff leave to substitute the actual name of a Wal-Mart cashier in the place of "Jane Doe," are "closely analogous" to those presented in this case.  In Jackson, the plaintiff specifically alleged that the actions of a Walmart employee – in dropping a bottle of soda on the plaintiff's foot – directly caused her injury.  Id.  But in this case, Ms. McIntosh's proposed amended complaint relies exclusively on the allegation that the putative non-diverse defendants failed to properly perform their administrative duties.

7

against the individual employees, she would not be significantly injured if the requested amendment was not allowed. Having asserted joint liability against the defendants, the magistrate judge explained, McIntosh could obtain full recovery without the employees' presence in this lawsuit. Because the Court cannot find that the magistrate judge's application of the <u>Hensgens</u> factors was clearly erroneous or contrary to law, his ruling must be affirmed.³

### III.

In the alternative, the plaintiff contends that the magistrate judge's order involves a controlling question of law as to which there is substantial ground for difference in opinion. She, therefore, requests certification of the order for interlocutory appeal.

*A.*

The certification of interlocutory orders for appeal is governed by 28 U.S.C. § 1292(b).⁴ Three criteria must be satisfied

---

³ As an aside, the Court notes that the "Daily Floor-walk/Safety Inspection" form attached to the plaintiff's motion to amend is dated "6-10-17." Curiously, her state court petition (as well as all other pleadings filed in this case) denote "June 10, 2018" as the date of the slip-and-fall incident.

⁴ 28 U.S.C. § 1292(b) provides:
    When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

8

before a district court may properly certify an interlocutory order for appeal: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Id.; see also Aparicio v. Swan Lake, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). An interlocutory appeal is "exceptional," the Fifth Circuit cautions, and "assuredly does not lie simply to determine the correctness" of a ruling. Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co., 702 F.2d 67, 67-69 (5th Cir. 1983). To the contrary, courts have held that a substantial ground for difference of opinion exists only where

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (quoting 4 Am. Jur. 2d Appellate Review § 128 (2005)). The

---

termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

moving party bears the burden of demonstrating that interlocutory appeal is appropriate. See U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co., 668 F. Supp. 2d 780, 813 (E.D. La. 2009).

*B.*

In support of her request to certify the magistrate judge's interlocutory order for appeal, the plaintiff submits: "The issue of whether to allow an amendment adding non-diverse parties currently gives little, if any, consideration of Plaintiff's choice of forum, which should be given great weight. In fact, some cases view Plaintiff's preference of forum as a reason not to grant leave to amend/remand." Without identifying any particular question of law, the plaintiff also challenges the district courts' application of the Hensgens factors, which she characterizes as "inconsistent:"

> Further, inconsistent analysis of the Hengens factors has led to a substantial ground for difference of opinions with frequently inconsistent results. As can be seen in the Court's current Order, there are more than a few cases that refuse to allow the addition of non-diverse defendants/employees even with allegations of negligence against the employees.

McIntosh has failed to meet her burden of establishing that interlocutory appeal is appropriate. Insofar as McIntosh contends that the plaintiff's choice of forum "should be given great weight," she appears to advocate a change in established Fifth Circuit jurisprudence, rather than identify a controlling question of law as to which there is substantial ground for disagreement.

10

To the extent McIntosh challenges the district courts' inconsistent application of the Hensgens factors, she has likewise failed to identify a controlling question of law she seeks to address on appeal. In any event, there is no substantial ground for difference of opinion as to the permissibility of joining non-diverse defendants after removal. Fifth Circuit jurisprudence instructs that, where the allegations in a proposed amended complaint do *not* state a valid claim against a non-diverse defendant, the amendment would only serve to defeat jurisdiction. See Moore v. Manns, 732 F.3d 454, 457 (5th Cir. 2013). However, where the allegations of a proposed amended complaint *do* plausibly state a claim against a non-diverse defendant, such that the primary motivation is not to destroy diversity, leave is not automatically granted. The Court must still consider the remaining Hensgens factors, including the plaintiff's timing, whether she would be significantly injured if additional parties were not joined, and any other equitable factors. See id. Because the plaintiff has failed to identify any controlling question of law addressed in the magistrate judge's order as to which there is substantial ground for difference of opinion, certification of the order for interlocutory appeal is not warranted.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion for reconsideration of the magistrate

judge's June 5, 2019 Order denying plaintiff's motion for leave to file first amended complaint is DENIED.

New Orleans, Louisiana, July 23, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE